FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★   JAN C 5 2016   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DACASTA DIMITRIOS JOHNSON, #150051272556,

                    Plaintiff,

              -against-

SHERIFF MICHEAL [SIC] SPOSATO, ARMOR
MEDICAL STAFF AT NASSAU COUNTY CORR.
CENTER,

                    Defendants.
----------------------------------------------------------------X

ORDER
15-CV-6159(JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

On October 22, 2015, *pro se* plaintiff Dacasta Dimitrios Johnson ("plaintiff") filed an *in forma pauperis* civil rights complaint against Sheriff Michael Sposato ("Sheriff Sposato") and unidentified "Armor Medical Staff" at the Nassau County Correctional Center ("Armor Staff" and together "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed *in forma pauperis*. Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and with leave to file an amended complaint.

## BACKGROUND

Plaintiff filed his complaint on the Court's Section 1983 complaint form. In its entirety, plaintiff alleges:[1]

---

[1] All material allegations in the complaint are presumed to be true for the purpose of this Order. *See, e.g., Rogers v. City of Troy*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations as true).

> On 9-24-15 I was bitten by a spider at Nassau County Corr. Center due to the negligence of Sheriff Micheal Sposato. I reported this bite to the Medical Staff Armor and it took them three day's before they provided me with the proper medical attention that was needed for such a wound. Due to the negligence of this Institution I am left with a limp in my walk due to the lack of immediate medical attention needed.[2]

(Compl. ¶ IV.) In the space on the complaint form that calls for a description of any claimed injuries and any medical treatment that was required and/or provided, plaintiff alleges that "[m]y right leg is injured due to the lack of medical care provided by this facility. I was placed in the infirmary for three day's then released before my wound could properly heal." (*Id.* ¶ IV.A.) For relief, plaintiff seeks to recover a monetary damages award of $1 million as well as "proper medical care." (*Id.* ¶ V.)

## DISCUSSION

### I. Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

### II. Sufficiency of the Pleadings

#### A. Legal Standard

A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§

---

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. § 1915A(b).

It is axiomatic that district courts are required to read pro se complaints liberally, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678-79 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

B.   Substantive Claims

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983; *see also Rehberg v. Paulk*, 132 S. Ct. 1497, 1501-02 (2012). "In order to state a claim under § 1983, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwyer v. Regan*, 777 F.2d 825, 828 (2d Cir. 1985); *see also Rae v. Cnty. of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not itself create substantive rights; it offers "a method for vindicating federal rights elsewhere conferred." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). In addition, "a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983." *Id.* at 229; *see also Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir.1987) ("Absent some personal involvement by [a defendant] in the allegedly unlawful conduct of his subordinates, he cannot be held liable under section 1983."). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010).

1. Claim Against Sheriff Sposato

Although plaintiff has named Sheriff Sposato as a defendant, the complaint does not include any factual allegations of conduct or inaction attributable to Sheriff Sposato. Accordingly, it appears that plaintiff seeks to impose liability against Sheriff Sposato based upon the supervisory position he holds. Because "a plaintiff must establish a given defendant's

4

personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983," *Patterson*, 375 F.3d at 229, plaintiff's Section 1983 claim against Sheriff Sposato is not plausible and it is thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2. Claim Against Armor Staff

Notwithstanding the fact that plaintiff alleges that his claimed injury was the result of "negligence" (Compl. ¶ IV), because plaintiff has submitted the complaint on the Court's Section 1983 complaint form, the Court liberally construes it to include a deliberate indifference claim. "Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009). Plaintiff does not allege whether he is a pre-trial detainee (whose claim would thus arise under the Fourteenth Amendment's due process clause) or a convicted inmate (whose claim would then arise under the Eighth Amendment). Because the standard for analyzing a deliberate indifference claim is the same whether asserted under the Eighth or Fourteenth Amendment, such omission is of no moment. *Hill v. Nieves*, 06 Civ. 8213 (DLC), 2008 WL 858455, at *5 (S.D.N.Y. 2008) (As courts routinely recognize, "[t]he rubric for evaluating deliberate indifference claims is the same under the Eighth and Fourteenth Amendments.") (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000). "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment," and therefore, "states a cause of action under § 1983." *Estelle*, 429 U.S. at 104-05 (citation and internal quotation marks omitted). As the Second Circuit has explained,

5

> [t]he Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. Moreover, under 42 U.S.C. § 1983, prison officials are liable for harm incurred by an inmate if the officials acted with "deliberate indifference" to the safety of the inmate. However, to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice.

*Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (internal citations omitted).

Within this framework, "[d]eliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment, in violation of the Eighth Amendment, as made applicable to the states through the Fourteenth Amendment." *Bellotto v. Cnty. of Orange*, 248 F. App'x 232, 236 (2d Cir. 2007). Deliberate indifference exists "when an official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Where an official exhibits deliberate indifference to a known injury, he or she may be held liable under Section 1983. *See Ortiz v. Goord*, 276 F. App'x 97, 98 (2d Cir. 2008).

The deliberate indifference standard consists of both objective and subjective elements: (1) "the alleged deprivation must be, in objective terms, 'sufficiently serious,'" *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) "the charged official must act with a sufficiently culpable state of mind," *id.*; *see also Salahuddin v. Goord*, 467 F.3d 263, 279-81 (2d Cir. 2006) (elaborating on two-part test and describing first prong as objective and second prong as subjective); *Hayes*, 84 F.3d at 620 (stating that deliberate indifference test requires a plaintiff to show both an objective "substantial risk of serious harm," and that "prison officials possessed sufficient culpable intent"). Thus, in order for a plaintiff to establish a deliberate indifference claim, he must satisfy both the objective and subjective prongs. *See generally Allah v. Michael*, 506 F. App'x 49, 51 (2d Cir. 2012) (affirming

6

district court's dismissal of plaintiff's deliberate indifference claim where plaintiff failed to satisfy objective prong of the test); *Skates v. Vanbockstaele*, No. 11-CV-4414 (LAP)(MHD), 2013 WL 658253, at * 4-5 (S.D.N.Y. Feb. 25, 2013) (granting motion to dismiss where plaintiff could satisfy neither the objective nor the subjective prongs to his deliberate indifference claim).

Here, as is readily apparent, plaintiff's sparse allegations do not state a plausible deliberate indifference claim. Wholly absent are any facts from which the Court could reasonably construe that the unidentified "Armor Medical Staff" members' action or inaction meets the objective and subjective prongs. Thus, plaintiff's has not alleged a plausible claim against Armor Staff and such claim is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

III. Leave to Amend

In light of plaintiff's *pro se* status, the Court has considered whether he should be afforded an opportunity to replead his claims. "When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005); *see also Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) ("The liberal pleading standards applicable to *pro se* civil rights complaints in this circuit require that the district court give [plaintiff] an opportunity to flesh out his somewhat skeletal complaints before dismissing them"); *Cuoco*, 222 F.3d at 112. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999).

In an abundance of caution, plaintiff is granted leave to file an amended complaint in accordance with this order. Plaintiff is cautioned, however, that, "[f]or purposes of Eighth [or

7

Fourteenth] Amendment claims, the Supreme Court has drawn a 'distinction between mere negligence and wanton conduct....'" *Graham v. Poole*, 476 F. Supp. 2d 257, 259-60 (W.D.N.Y. 2007) (quoting *Whitley v. Albers*, 475 U.S. 312, 322 (1986)). It is well-established that "mere negligence is not actionable, nor is 'mere medical malpractice . . . tantamount to deliberate indifference.'" *Green v. McLaughlin*, 480 F. App'x 44, 48 (2d Cir. 2012) (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)); *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Salahuddin*, 467 F.3d at 280 (stating that deliberate indifference "entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent").

Plaintiff is cautioned that the amended complaint completely replaces the amended complaint and therefore must include factual allegations and any claims plaintiff seeks to pursue against the defendants. The amended complaint must be clearly labeled "amended complaint", bear the same docket number as this order, 15-6159(JFB)(ARL) and shall be filed within thirty (30) days from the date of this order. If plaintiff does not timely file an amended complaint, judgment shall enter and this case will be closed. If plaintiff timely files an amended complaint, it shall be screened pursuant to 28 U.S.C. §§ 1915(e), 1915A. Alternatively, plaintiff may pursue any valid state law claims he may have, including negligence, in state court.

## CONCLUSION

For the reasons set forth above, the Court grants plaintiff's application to proceed *in forma pauperis*. However, the complaint is *sua sponte* dismissed without prejudice and with leave to file an amended complaint in accordance with this Order within thirty (30) days from the date of

this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 5, 2015
Central Islip, New York

s/ Joseph F. Bianco

Joseph F. Bianco
United States District Judge